**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COUNTY OF SACRAMENTO, | No. 22-15250 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00263-MCE-DB |
| v. | |
| EVEREST NATIONAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted January 24, 2023
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

The County of Sacramento (County) appeals the district court's grant of

summary judgment in favor of Everest National Insurance Company (Everest).

The County contends that the district court erred in holding that California

Insurance Code § 533 foreclosed indemnification of the County's liability for

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

retaliation claims brought against the County Sheriff's Department under California's Fair Employment and Housing Act (FEHA).

"We review the district court's grant or denial of summary judgment de novo. We also review its interpretation of state law and the insurance policies de novo. . . ." *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019) (citations omitted).

California Insurance Code § 533 provides that "[a]n insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." California Insurance Code § 533 "is an implied *exclusionary clause* which by statute is to be read into all insurance policies." *Certain Underwriters at Lloyd's London v. ConAgra Grocery Prods. Co.*, 77 Cal. App. 5th 729, 739 (2022) (citation omitted) (emphasis in the original). The provision's "legislative purpose is both clear and unequivocal. It is to deny insurance coverage for wilful wrongs." *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 500 n.32 (1998).[1]

---

[1] The retaliation claims brought against the County were willful acts for the purposes of California Insurance Code § 533. *See Certain Underwriters at Lloyd's London*, 77 Cal. App. 5th at 740 (explaining that "[c]onduct for which the law imposes liability, and which is expected or intended to result in damage, must be considered wrongful and willful") (citation omitted); *see also B & E Convalescent Center v. State Comp. Ins. Fund*, 8 Cal. App. 4th 78, 98-99 (1992).

"An insurer's duty to indemnify is only determined when the insured's underlying liability is established." *Certain Underwriters at Lloyd's London*, 77 Cal. App. 5th at 740 (citation and internal quotation marks omitted). "The duty to indemnify on a particular claim is determined by the *actual basis of liability* imposed on the insured." *Id.* (citation omitted) (emphasis added). California courts have held that FEHA imposes direct employer liability. *See DeJung v. Superior Ct.*, 169 Cal. App. 4th 533, 545 (2008) (clarifying that "FEHA expressly makes public employers, like private employers, *directly liable* for violations of that law") (emphasis added); *see also Caldwell v. Montoya*, 10 Cal. 4th 972, 989 n.9 (1995); *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1014 n.12 (1995).

Although the County maintains that California Insurance Code § 533 did not bar indemnity because the County was vicariously or strictly liable for the willful acts of its employees, vicarious or strict liability was not "the actual basis of liability" imposed on the County. *Certain Underwriters at Lloyd's London*, 77 Cal. App. 5th at 740 (citation omitted). This is true not only as a matter of law, as discussed above, but based on the underlying trial as well. Prior to trial in the underlying action, counsel for the County acknowledged that the County was "[t]he proper party defendant . . . rather than the Sacramento County Sheriff's

3

Department" because the Sheriff's Department was "simply a department within the County structure." In support of its motion for summary judgment, the County confirmed that it was "the ultimate employer of all County employees, including sworn officers." The verdict forms do not reflect that the County was held strictly or vicariously liable for the retaliatory conduct, and the County's trial counsel conceded that the jury was not instructed on vicarious liability. As a result, the County was directly liable for the FEHA violations, *see DeJung*, 169 Cal. App. 4th at 545, and the district court properly granted summary judgment in favor of Everest because California Insurance Code § 533 barred indemnity of the retaliation claims. *See Certain Underwriters at Lloyd's London*, 77 Cal. App. 5th at 740. The County is not entitled to any further defense costs because the County's defense costs did not exceed the $2 million limit (deductible) in the insurance policy.

Because the language of the statute is clear and has been interpreted consistently by California courts, there is no need to certify a question to the California Supreme Court to resolve this case. *See U.S. Bank, N.A., Trustee for Banc of Am. Funding Corp. Mortg. v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 867-68 (9th Cir. 2021) (declining to certify question when "the answer to the legal issue [was] clear"). Insofar as the County seeks an exemption

to California Insurance Code § 533 for certain public employers, that request is properly directed to the state legislature.

**AFFIRMED.**